UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tong X.,[1]<br><br>          Petitioner,<br><br>v.<br><br>Kristi Noem, *Secretary, Department of Homeland Security*; Todd M. Lyons, *Acting Director, Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,<br><br>          Respondents. | File No. 26-CV-01548 (JMB/ECW)<br><br>ORDER |

This matter is before the Court on a Motion to Disqualify District Judge. (Doc. No. 16.) Respondents' counsel requests recusal because the undersigned is married to Elizabeth Kramer, the Minnesota Solicitor General, who represents the State of Minnesota in *State of Minnesota v. Noem, et al.*, No. 26-CV-0190 (KMM/DJF) (D. Minn. 2026). For the reasons explained below, the Court denies the motion.

## DISCUSSION

In the motion, Respondents' counsel correctly refers to the general recusal statute, 48 U.S.C. § 455(a). Pursuant to that statute, disqualification is required when the facts of a case "would provide an objective, knowledgeable member of the public with a reasonable basis for doubting [the] judge's impartiality." *Perkins v. Spivey*, 911 F.2d 22, 33–34 (8th

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

Cir. 1990) (citations omitted); *see also, e.g.*, *Burton v. Nilkanth Pizza, Inc.*, 20 F.4th 428, 434 (8th Cir. 2021); *Scenic Hldg., LLC v. New Bd. of Trs. of Tabernacle Missionary Baptist Church, Inc.*, 506 F.3d 656, 662 (8th Cir. 2007). The movant carries a "heavy burden of proof" because impartiality is presumed. *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 681 F. Supp. 3d 993, 1000 (D. Minn. 2023) (quoting *Johnson v. Steele*, 999 F.3d 584, 587 (8th Cir. 2021)). In addition, "[a] party is required to bring its recusal motion promptly to avoid the risk that the party might hold its application as an option in the event the trial court rules against it."[2] *Tri-State Fin., LLC v. Lovald*, 525 F.3d 649, 653 (8th Cir. 2008) (citation omitted). As discussed below, the motion is denied as procedurally improper, untimely, and lacking merit.

### A. The Motion Is Procedurally Improper.

The Court first observes that Respondents' counsel has not complied with this District's Local Rules. In this District, any movant—including the United States

---

[2] The Court need not address the veracity of the implication that Respondents' counsel first learned the identity of the undersigned's spouse through public media sources on March 6, 2026. Not only has this information been a very well-known fact for many years, *see Jeffrey Bryan*, Wikipedia, https://en.wikipedia.org/wiki/Jeffrey_Bryan (last visited Mar. 12, 2026) ("Bryan married Liz Kramer on November 16, 2002, after meeting each other at Yale [Law School]. As of 2023, Kramer served as Solicitor General in Minnesota Attorney General Keith Ellison's office." (citation omitted)), but the undersigned and Respondents' counsel have had more than one casual conversation in which they spoke about General Kramer several months before March 6, 2026. In addition, the undersigned has made this relationship clear in other filings when recusing from assigned cases involving the Minnesota Attorney General's Office and the United States Attorney's Office. *E.g.*, *State of Minn. v. Trump, et al.*, No. 25-CV-1608, Doc. No. 10 (D. Minn. Apr. 29, 2025) (recusing because "the undersigned is married to the Minnesota Solicitor General"). The Court presumes Respondents' counsel was not willfully misleading when he suggested that he only just learned of this fact a few days ago.

Attorney—who wishes to file a motion "*must*, if possible, meet and confer with the opposing party in a good-faith effort to resolve the issues raised by the motion." D. Minn. L.R. 7.1(a)(1)(A) (emphasis added). Despite these plain requirements, Respondents' counsel concluded "that a meet-and-confer was not practicable given the substance and timing of this motion." (Doc. No. 18.) However, perceived time sensitivity does not excuse any litigant from compliance with Rule 7.1(a). Further, Respondents' counsel's imprecise reference to "the substance and timing of this motion," without at least some explanation to support this self-serving conclusory statement, does not establish the impossibility required to be excepted from the otherwise mandatory meet-and-confer rule.

Finally, Respondents' counsel's claims of impracticability are undermined by Petitioner's counsel's sworn statement that neither Mr. Rosen nor anyone from his office mentioned any intent to file this motion, despite the fact that Petitioner's counsel was actively communicating with Special Assistant U.S. Attorney David Hackworthy about Respondents' return of property to his client at the very time Mr. Rosen filed this motion. (Doc. No. 22 ¶¶ 4, 5 (averring that Respondents' counsel never contacted Petitioner's counsel regarding this motion and that Petitioner's counsel responded to an email from SAUSA Hackworthy regarding Petitioner's property fifteen minutes after this motion was filed but before Petitioner's counsel saw that it had been filed).) It appears Respondents' counsel's claim of impracticability is untrue. Conferring with Petitioner's counsel was not only practicable, it was also convenient and something Mr. Rosen's colleague was doing at the same time that this motion was being filed.

3

Because Respondents' counsel has not satisfied a condition precedent to filing this motion—and offers no meaningful or convincing explanation for his failure to do so—the Court deems Respondents' counsel's motion to be premature. Normally, the Court would order the parties to complete their meet-and-confer before it would consider an otherwise premature motion. However, the Court will not do so in this case because, as explained below, the underlying motion is untimely and lacks merit.

B.     The Motion Is Untimely.

"Motions for recusal under 28 U.S.C. § 455 'will not be considered unless timely made.'" *Tri-State Fin.*, 525 F.3d at 653 (quoting *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003)). This circuit "has consistently required timely action as to § 455 in general, i.e., as to both (a) and (b)." *In re Kan. Pub. Emps. Ret. Sys.*, 85 F.3d 1353, 1360 (8th Cir. 1996) (listing cases); *see also Oglala Sioux Tribe of Pine Ridge Indian Rsrv. v. Homestake Min. Co.*, 722 F.2d 1407, 1414 (8th Cir. 1983) (rejecting disqualification request raised for the first time after the moving party received an adverse ruling). "The timeliness doctrine under § 455 requires a party to raise a claim at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." *Tri-State Fin.*, 525 F.3d at 653 (internal quotation and citation omitted). The Eighth Circuit has further admonished counsel that it "subscribe(s) to the view that motions to recuse should not 'be viewed as an additional arrow in the quiver of advocates in the face of [anticipated] adverse rulings.'" *In re Kan. Pub. Employees Ret. Sys.*, 85 F.3d at 1360 (quotation omitted). Finally, A district court may take into account whether a litigant is seeking recusal for improper reasons. *Id.* (denying petitioner's writ of mandamus for

4

disqualification as untimely because it was "interposed for suspect tactical and strategic reasons"); *see also In re Medtronic, Inc., Sprint Fidelis Leads Prod. Liab. Litig.*, 623 F.3d 1200, 1209 (8th Cir. 2010) (affirming rejection of disqualification request because the motion was a device used for suspect reasons following the district court's adverse rulings).

Respondents' counsel did not promptly bring this motion. On February 23, 2026, the Court granted Tong X.'s unopposed Petition. The motion does not satisfy the timing requirements because it was after the Court ordered relief and well after Respondents' counsel had knowledge of the undersigned's marriage to General Kramer,[3] *supra* note 2. This is especially true in this case because Respondents did not make any response or opposition to the Petition. None of the specific facts in this Petition was ever contested. As it stands, the only disputed issue in this matter is whether Respondents can provide documentation to show that Petitioner was indeed "released from custody with all of his property," as represented (without support) by Respondents. (Doc. No. 13 ¶ 9.) Given clear Eighth Circuit authority, the Court is compelled to deny the motion.

**C.   The Motion Lacks Merit.**

Respondents' counsel makes no argument that there is an actual conflict of interest. Rather, Respondents' counsel argues that there is an appearance of a conflict because of the positions taken by General Kramer on behalf of her client, the State of Minnesota, in *State of Minnesota v. Noem, et al*. This argument lacks legal and factual support.

---

[3] Again, the Court presumes Respondents' counsel did not mean to imply that he only just learned of the undersigned's marriage to General Kramer on March 6, 2026. Such an implication would be false.

5

First, the Court observes that none of the three cases cited in Respondents' counsel's memorandum supports disqualification or disclosure in a case such as this. *See Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 884 (2009) (involving a judge who received a $3 million campaign contribution from the CEO of a corporation appearing as a party in front of him); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 867–69 (1988) (involving a judge who was also a trustee of a university that had a financial interest in the outcome of the case); *Lunde v. Helms*, 29 F.3d 367, 370–71 (8th Cir. 1994), *cert. denied*, 513 U.S. 1155 (1995) (affirming denial of a recusal request because the judge was not required to recuse from a lawsuit involving the judge's alma mater). None of these three cases relates to the specific argument for recusal advanced by Respondents' counsel here. Further, Respondents' counsel's memorandum offers no analysis of the cases; counsel makes no attempt to analogize to or distinguish them from the facts at issue here. Absent any advancement of argument supported by binding caselaw, the motion fails.

Second, Respondents' counsel's comparison of alleged similarities between this habeas matter and *State of Minnesota v. Noem, et al.* is not persuasive. In the motion, Respondents' counsel lists facts in this case that are characterized as similar to those included in the complaint in *State of Minnesota v. Noem, et al.* However, all of the cited facts are general background facts regarding Operation Metro Surge that have not been disputed by Respondents in any of the roughly 1,000 habeas cases filed in this District, or in any of the nearly 100 habeas cases assigned to the undersigned, since December 1, 2025. Further, as noted above, Respondents never responded to or opposed the Petition. Respondents' counsel makes no argument or explanation how the only remaining issue in

6

this matter—the provision of documentation on Respondents' return of Petitioner's property to Petitioner—possibly gives rise to the appearance of a conflict.

Third, and perhaps most importantly, the allegations in *State of Minnesota v. Noem, et al.*, are fundamentally different from those in a habeas proceeding. In *State of Minnesota v. Noem, et al.*, the State and municipalities allege that Respondents' execution of Operation Metro Surge has harmed the State of Minnesota and the municipalities, including by infringing on the State's police powers and principles of equal sovereignty of the states, violating the Administrative Procedure Act, violating the First Amendment, and causing the State of Minnesota to incur economic losses. *Id.* Such allegations have no bearing on the subject of a habeas petition: the lawfulness of a petitioner's detention. Accordingly, no reasonable person could believe that marriage to General Kramer—who represents the State of Minnesota in its suit about federalism in relation to Operation Metro Surge—affects the undersigned's view of habeas relief and documentation of Respondents' return of Petitioner's property.

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Respondents' counsel's Motion to Disqualify District Judge (Doc. No. 16) is DENIED.

Dated:  March 13, 2026                                         /s/ *Jeffrey M. Bryan*
                                                                              Judge Jeffrey M. Bryan
                                                                              United States District Court

7